Laurence D. Wood, S.
There are concurrently before this court for consideration in this estate: a petition and amendment thereto seeking an order to show cause why an agreement and irrevocable power of attorney authorizing Timothy D. Clark and Edward T. Beckwith as trustees of the estate of Melville Clark to sell certain real property, should not be terminated and the real property turned back to the legatees of the said estate; an answer of the said trustees requesting that the relief sought in the petition be denied, coupled with aErmative defenses and petitions for additional relief; a motion by petitioners for an order striking respondent’s aErmative defenses and petition for additional relief, made on the apparent basis of rule 103 of the Buies of Civil Practice, as well as a demand by petitioners for summary judgment; while respondent trustees in the above proceeding have by a separate proceeding in this same estate sought authority to sell personal and all real property, in which matter petitioners above, there the respondents, have answeréd raising the issue of the proceeding hereinbefore set forth as determinative of the authority of the trustee to sell, and further alleged that certain of the property sought to be sold is corporate property and thus outside the jurisdiction of this court.
A brief survey of this matter discloses that Melville Clark died December 11, 1953, leaving him surviving his wife Dorothy *433 S. Clark, one daughter, Dorothy Clark Woodworth, and two sons, Melville Clark, Jr., and Timothy D. Clark.
Under the will of said Melville Clark dated January 11, 1947, Timothy D. Clark and Edward T. Beckwith were named as executors and trustees and both qualified and acted in such capacity, said Timothy D. Clark being testator’s son. The widow, Dorothy S. Clark, exercised her right of election and the Appellate Division, Fourth Department, upheld her right to so elect. (Matter of Clarke, 1 A D 2d 567.) An appeal was taken from that decision to the Court of Appeals, but by agreement the accounts of the executors and trustees were judicially settled, at which time and in connection with the settlement a two-thirds interest in Memory Lane Farm, two thirds of the common stock of the Clark Music Company and a two-thirds interest in all other cash and assets of the estate remaining after payment of administration expenses and taxes, were ordered turned over to the trustees, Edward T. Beckwith and Timothy D. Clark, and the other third in the above items was turned over to Dorothy S. Clark.
The basis of the disputed matter now before the court is an agreement dated August 9, 1957 between the trustees and the heirs and legatees individually and as stockholders of the Clark Music Company under the conditions of which agreement the heirs, Dorothy S. Clark, Dorothy Clark Woodworth, Timothy D. Clark and Melville Clark, Jr., individually and as stockholders of the Clark Music Company consented that premises known as Memory Lane Farm and the building known as 416 South Salina Street might be sold by the trustees. Paragraph 1 of the agreement provides that all heirs had to consent in writing to any sale within three months of the date of agreement, and paragraph 2 provided that during the next ensuing three-month period Memory Lane Farm might be sold by the trustees under the will of Melville Clark, deceased, for $90,000 after deducting real estate brokerage commissions and that the building at 416 South Salina Street might be sold for $375,000, after deduction for real estate brokerage commissions.
Paragraph 3 is as follows: “at the expiration of such three-months period, such assets may be sold by the Trustees under the will of Melville Clark, deceased, for the best price then available, provided, however, that such sale may be made in the discretion of the aforesaid Trustees and on such terms and conditions as they may determine, and without liability.”
Further paragraphs of this agreement provide for dissolution of the Clark Music Company upon the sale of the premises at 416 South Salina Street, with distribution of proceeds of the *434 portion received by the trustees to the children of Melville Clark, and for like distribution of the proceeds of the two-thirds portion of the sale of Memory Lane Farm, the proceeds of the other third of the latter sale to be distributed to Dorothy S. Clark, subject to the assignments to the Clark Music Company by Dorothy S. Clark and Melville Clark, Jr., with their purchase of certain assets of said corporation.
Dorothy S. Clark granted the trustees full power to vote her stock in Clark Music Company until liquidation of said corporation. The agreement then recites that the children of Melville Clark, parties to said agreement, have petitioned trustees to invade the trust in their favor to the full extent of the corpus.
Paragraph number 8 regarding the exercise of the power of invasion is as follows: “ The trustees hereby exercise such power of invasion in favor of such children of Melville Clark, deceased, and further agree to turn over to each of said children their respective shares of such trust, upon receipt and filing of proper documents of receipt, waiver, and release by such child but expressly binding all of the aforesaid parties including minor children of the parties in being or born hereafter, except that the trustees shall have full power of sale of Memory Lane Farm and 416 South Salina as provided herein. Upon the filing of the aforesaid receipts, waivers, and releases the trust shall cease and the trustees shall be discharged from any and all liability.”
By paragraph 9 of said agreement, Dorothy S. Clark agrees to execute simultaneously with the execution of the agreement, a power of attorney to the trustees under the will of Melville Clark, deceased, for the purpose of authorizing and allowing the aforesaid trustees to conduct the sale of the farm known as Memory Lane Farm, Town of Manlius, pursuant to the provisions of this agreement.
The agreement by its terms is made binding on any and all persons claiming through or under the parties to the agreement, and a ‘ ‘ rider ’ ’ is attached thereto impressing a lien in favor of Dorothy E. Clark Woodworth to the extent of her share in said funds received from the disposition of any of the property described in said agreement to secure immediate payment to her of her share, such payment to be made to her in full prior to any payment of commissions of said trustees.
On even date with said agreement, Dorothy S. Clark, the widow, appointed the trustees her true and lawful attorneys to sell, transfer and convey Memory Lane Farm ‘ ‘ giving and granting unto my said attorneys irrevocable full power and authority to do and perform all and every act or thing whatso *435 ever requisite and necessary to be done in and about the premises, as fully to all intents and purposes, as I might or could do if personally present, hereby ratifying and confirming all that my said attorneys shall lawfully do or cause to be done by virtue thereof.”
On August 10,1957, Dorothy S. Clark executed an assignment of her rights in the estate of Melville Clark to the Clark Music Co. to the extent of $57,000 and Melville, Jr., executed a like assignment of his interest in the estate to the amount of $57,000 on the same date to the same party.
By letter dated August 9, 1957, addressed to the board of directors of the Clark Music Company, Dorothy S. Clark and Melville Clark offered to purchase the business assets of the Clark Music Co. for $119,000 (subject to inventory adjustment), the sum of $5,000 cash to be paid down on acceptance. The balance to be paid by the afore-mentioned assignments of their right in the Melville Clark estate up to $57,000, executed by both Dorothy S. Clark and Melville Clark, Jr., the offer further stipulating that both the offer itself or any agreement growing out of the acceptance of such offer was conditioned on the fact that any appeals to the Court of Appeals from the decision of the Appellate Division upholding the widow’s right of election would be withdrawn and discontinued.
On August 12, 1957, Edward T. Beckwith and Timothy D. Clark were appointed trustees of the estate of Melville Clark, deceased.
On August 15,1957, Dorothy S. Clark executed an assignment of all her right, title and interest by virtue of her right of election to take her intestate share of the estate of Melville Clark to 416 South Salina Street Corporation to the extent of $45,014.36, the same to be in full payment of one half the balance due on the contract of purchase of business assets of the Clark Music Co. above set forth.
On August 15, 1957, Melville Clark, Jr., executed a similar assignment of his rights as beneficiary under the trust to the extent of $45,014.35 and agreed to deliver to the aforesaid trustees such receipts, waivers and releases as required under the August 9,1957 agreement, and as necessary for the assignee to receive the amount stated. This agreement was acknowledged November 5, 1957.
On the 26th day of November, 1958, David H. Fraser, stating that he acted on behalf of and as agent and attorney for Dorothy S. Clark, filed an instrument purporting to revoke, cancel and •terminate the agency created under the agreement of August 9, 1957 in the trustees and further seeking to revoke the stock *436 power in the common stock of the Clark Music Co. (by this time known as the 416 South Salina Street Corporation) and further stating that ‘‘1 hereby revoke, cancel and terminate the power of attorney, referred to in paragraph 9 of said agency agreement, to conduct the sale of Memory Lane Farm.”
By similar instrument, on November 26, 1958, David Fraser acting on behalf of and as agent and attorney for Melville Clark, Jr., purportedly revoked, cancelled and terminated the agency created under the agreement in the trustees, empowering them to sell the farm and business building.
It is of interest to note that the first written offer to purchase the property known as Memory Lane Farm submitted to the court in the papers is dated December 31, 1959.
In the meantime on March 3, 1959, the trustees filed their account, to which Dorothy Clark Woodworth filed objections. (No appeal was taken from the filing of their previous account as executors and the time to appeal from the order of judicial settlement dated August 12, 1957 has expired.) A decision by Judge Milford, former Surrogate, dated October 22, 1959 and the decree thereunder dated December 4, 1959, the trustees in a motion directed against the objections of Dorothy Clark Woodworth to their account, has been appealed to the Appellate Division and a decision thereon in that court is now pending.
Dorothy Clark Woodworth has commenced an action in Supreme Court against the trustees, seeking the same relief as she sought in the matter of the judicial settlement of the account of the trustees in this Surrogate’s Court (hereinbefore stated to be on appeal to the Appellate Division); the Supreme Court dismissed on the ground that same relief had been sought in another proceeding. This dismissal is also on appeal to the Appellate Division.
The above proceedings have now been before this court since November 26, 1958. Therefore, after due consideration of the motion papers, affidavits, arguments, exhibits and memorandums of law and after hearing the attorneys for the various parties on numerous occasions and after an examination of the authorities cited, and after considerable deliberation, I am of the opinion that the motion made by Dorothy S. Clark and Melville Clark, Jr., to strike affirmative defenses from the answer of the trustees should be denied and that the motion for summary judgment by the same parties should also be denied, and that the agreement of August 9, 1957 and the irrevocable power of attorney granted by Dorothy S. Clark pursuant to the terms of said agreement shall be considered in full force and effect and that the trustees, Timothy D, Clark and Edward T. Beckwith, *437 hold the power to sell Memory Lane Farm and other real property of the estate under that agreement subject to the best interests of the beneficiaries of the trusts and of the other parties to said agreement. (See Matter of Jones, 306 N. Y. 197.)
I, therefore, deny the motion of petitioners, Dorothy S. Clark and Melville Clark, Jr., to strike certain paragraphs of the answer containing affirmative defenses and petitions for relief, and further deny the application of Dorothy S. Clark and Melville Clark, Jr., for summary judgment upon their petition as amended, and hold that the trustees of the estate of Melville Clark have under the agreement of August 9, 1957 and under the decree and judgment of the court dated December 4, 1959 (now on appeal) full power to act as provided in the decree of August 12, 1957, and subject to the limitations incurred by the successful exercise of her right of election by Dorothy S. Clark, still hold full legal powers bestowed upon them by the last will and testament of Melville Clark, deceased, over the assets of the trusts for the benefit of Melville Clark, Jr., Dorothy Clark Wood-worth and Timothy D. Clark, and, beside certain stock powers, have a full power of sale of the real property of the estate of Melville Clark pursuant to paragraph Fifth of the will of Melville Clark and the agreements of August 9, 1957, and also hold a presently valid and existing irrevocable power of attorney granted by Dorothy S. Clark, over the interest of said Dorothy S. Clark in Memory Lane Farm. Decreed accordingly.